

**MEMO ENDORSED**

# Aaron Richard Golub, Esquire, P.C.
## Lawyers

35 East 64th Street, Suite 4A  
New York, New York 10065

212-838-4811  
Facsimile 212-838-4869

September 15, 2020

**VIA ECF AND BY E-MAIL**  
Judge Denise L. Cote  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street, Room 18B  
New York, New York 10007-1312

> Plaintiff's request for discovery is denied pending a decision on defendant's motion to dismiss. Dated: September 17, 2020
>
> _____  
> DENISE COTE  
> United States District Judge

Re: JN Contemporary Art LLC v. Phillips Auctioneers LLC, Civil Action No. 1:20-cv-04370 (DLC)

Dear Judge Cote:

This office represents Plaintiff. On August 26, Defendant moved to dismiss the Second Amended Complaint ("SAC") pursuant to FRCP 12(b)(6) (Dkt. 63). Plaintiff's opposition is due by September 18, 2020 and Defendant's reply is due by October 2, 2020.

The filing of an FRCP 12(b)(6) motion to dismiss does not trigger a stay of discovery and surviving a 12(b)(6) motion is not a prerequisite to discovery.[1] Plaintiff requests plausibility targeted discovery in its opposition papers, and in addition, submits this letter application also seeking plausibility discovery.

A discovery schedule was not provided for in either of the Court's two Scheduling Orders on June 9, 2020 (Dkt. 10) and June 19, 2020 (Dkt. 29).[2] A conference was held on June 19, 2020 (Dkt. 29). During that conference, in the context of Plaintiff's TRO motion, the Court asked Plaintiff's counsel if Plaintiff requires discovery. Plaintiff's counsel answered in the affirmative and stated that Plaintiff wants to take the deposition of Mr. Edward Dolman, the CEO of Defendant and

---

[1] In re Chase Manhattan Corp. Sec. Litig., 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) holding "[Orders staying discovery] should not be granted routinely simply on the basis that a motion to dismiss has been filed;" WRT Energy Sec. Litig., 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) (same); Moran v. Flaherty, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (same).

[2] FRCP Rule 26(f) requires that the discovery planning conference occur "as soon as practicable," and does not contain any provision delaying the conference based on the filing of a 12(b)(6) motion, nor any provision suggesting that the filing of such a motion somehow makes the conference "impracticable." FRCP 26(f) requires that the conference must take place "in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FRCP 16(b) requires the issuance of a scheduling order "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." The complaint was served on 6/10/20 (Dkt. 15) and Defendant appeared on 6/9/20 (Dkt. 11-12). 120 days after 6/10/20 is 10/2/20 and 90 days after 6/9/20 is 9/7/20.

Aaron Richard Golub, Esquire, P.C.

Mr. Leonid Friedland a principal of Defendant who negotiated the subject agreements personally with Joseph Nahmad, the principal of Plaintiff (Dkt. 38-10 p. 8-13). The Court declined to grant *immediate* discovery and transitioned to settlement discussions and ordered a mediation (Docket 38-10 p. 8-13; Docket 28-29). Now that an unsuccessful mediation has occurred, the issue of discovery should be revisited.

In the event the Court determines that any of Plaintiff's causes of action may fall short of the plausibility standard, the Plaintiff should not be prejudiced as a result of the informational inequities between the parties. As alleged in the SAC (Dkt. 59 ¶¶ 40-47, 53, 100, 107-108), one of the material issues related to Plaintiff's fifth cause of action for breach of the implied covenant of good faith and fair dealing (and also related to Defendant's force majeure defense and Plaintiff's second cause of action for breach of the Stingel Consignment with Guarantee Agreement ("Stingel Consignment")), is that Defendant terminated the Stingel Consignment (Dkt. 22-2) while declining to terminate 24 other consignment agreements (11 with guarantees) for the Evening Sale, using the pandemic as a pretext because Defendant perceived the Stingel art market as weak and deemed it financially beneficial to cancel a $5,000,000.00 debt (Dkt. 59 ¶ 40). Plaintiff should be allowed immediate discovery of all consignment agreements executed prior to or in May 2020 and at least 11 of which contained guarantees, concerning works of art which Defendant auctioned in its July 2, 2020 global online live-streaming auction. The interrelatedness of the Basquiat Guarantee Agreement (Dkt. 22-1) and the Stingel Agreement (related to Plaintiff's fourth cause of action for breach of the Basquiat Guarantee Agreement) depends in large part on the *intent* of the parties. An informational inequity exists as Defendant has exclusive or primary control over information concerning its "intent." Plaintiff should be allowed to take discovery of Defendant concerning its intent and the background of Defendant's draftsmanship of the Stingel and Basquiat Agreements which is relevant to Plaintiff's first cause of action for breach of the Stingel Consignment and to all of Plaintiff's other causes of action. Force majeure, claims of impossibility of performance and foreseeability are fact-intensive inquiries.

A court may order plausibility discovery pursuant to FRCP 26(b)(1), 26(c) and FRCP 12(i). In Kregler v. City of New York, 608 F. Supp. 2d 465, 475–77 (S.D.N.Y. 2009), the court, sua sponte, invoked FRCP 12(i) and permitted plausibility discovery where a former firefighter's First Amendment § 1983 retaliation claim was a close call. The court permitted the parties to engage in targeted discovery on the plausibility issue, holding:

> "[T]he Court will exercise its discretion pursuant to Rule 12(i) to schedule a preliminary hearing at which the parties may present the testimony of live witnesses and other evidence limited to Defendants' objections to the pleadings, specifically the threshold legal issues upon which, under the *Twombly* and *Iqbal* plausibility test, the sufficiency of Kregler's retaliation claim is grounded." Id., 475.[3]

Accordingly, Plaintiff respectfully requests that after the 12(b)(6) motion is fully briefed, a decision on the motion be stayed pending Court ordered discovery.

Respectfully Submitted,

N M S. G

Nehemiah S. Glanc

cc:    Luke Nikas, Esquire, by ECF

---

[3] Kregler, supra, discusses the parameters of FRCP 12(i).